UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT KEITH WARD, | ) |
| *Petitioner*, | ) |
| | ) No.: 3:13-cv-658-HSM-HBG |
| v. | ) |
| | ) |
| MICHAEL DONAHUE, Warden, | ) |
| *Respondent*. | ) |

## MEMORANDUM

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Robert Keith Ward ("petitioner"), in which he challenges his 2004 Sevier County conviction for aggravated rape and resulting sentence of 60 years. For the following reasons, the Court finds that the petition is barred by the one-year statute of limitation. Accordingly, the petition for the writ of habeas corpus will be **DENIED** as time-barred and this action will be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitation for state prisoners to file a habeas corpus petition in federal court; the limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id*. § 2244(d)(2).

Petitioner's conviction and sentence were affirmed on direct appeal. *State v. Ward*, No. E-2004-01665-CCA-R3-CD, 2005 WL 3590992 (Tenn. Crim. App. Dec. 29, 2005), *perm. app. denied, id*. (Tenn. May 1, 2006). On March 14, 2011, petitioner filed a petition for post-conviction relief, which was dismissed as untimely; the dismissal was affirmed by the Tennessee Court of Criminal Appeals and the Tennessee Supreme Court denied petitioner's application for permission to appeal. *Ward v. State*, No. E-2011-01835-CCA-R3-PC, 2012 WL 3555312 (Tenn. Crim. App. Aug. 20, 2012), *perm. app. denied, id*. (Tenn. Jan. 22, 2013). A state post-conviction petition that was dismissed as time-barred is not considered "properly filed" in terms of § 2244(d)(2), and does not toll the statute of limitation. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). More importantly, by the time petitioner filed his untimely state post-conviction petition, the deadline for filing a habeas corpus petition in federal court had long since passed.

Based upon the foregoing, it appeared that petitioner's habeas corpus petition, which was filed on October 30, 2013, is barred by the one-year statute of limitation. For that reason, petitioner was given the opportunity to show cause why his habeas corpus petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198 (2006) (a district court may sua sponte dismiss a habeas petition as time-barred after giving the petitioner fair notice and an opportunity to be heard).

Petitioner has responded to the show cause order and claims that the statute of limitation should be equitably tolled. The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Petitioner has the burden of demonstrating that he is entitled to

2

equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. at 649) (holding that counsel's failure to turn over the trial transcript as well as other documents related to the case and the prison's restriction on visits to the law library did not entitle petitioner to equitable tolling).

Petitioner alleges he is entitled to equitable tolling for two reasons. He first alleges that his delay in filing the § 2255 motion should be excused based upon his mental incapacitation. The Sixth Circuit has held that

> a petitioner's mental incompetence, which prevents the timely filing of a habeas petition, is an extraordinary circumstance that may equitably toll AEDPA's one-year statute of limitations. To obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations. In short, a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required.

*Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). *See also McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (citations omitted) ("mental incompetence is not a *per se* reason to toll a statute of limitation); *Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005) (citations omitted) ("Illness--mental or physical--tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period."); *Nowak v. Yukins*, 46 F. App'x 257, 259 (6th Cir. 2002) (citations omitted)

3

("The mental incapacity of the petitioner can warrant the equitable tolling of the statute of limitations. The petitioner must make a threshold showing of incompetence, and demonstrate that the alleged incompetence affected [petitioner's] ability to file a timely habeas petition.").

Petitioner alleges that he has been diagnosed with Bipolar disorder and antisocial personality disorder; copies of his medical records from Cherokee Health Systems are attached to his habeas petition as an exhibit. [Doc. 2, Habeas Corpus Petition, Exhibit 8]. Petitioner raised the issue of his "mental incompetence" and "bipolar disorder, attention deficit hyperactivity disorder ('ADHD'), attention deficit disorder ('ADD'), and obsessive compulsive disorder ('OCD') in the state court in an unsuccessful attempt to toll the statute of limitation for filing his state post-conviction petition. *Ward v. State*, 2013 WL 3555312 at *1. Because petitioner did not include with his post-conviction petition any documentation to support his claims, "the post-conviction court ruled that the petitioner had failed to establish tolling of the limitations period and summarily dismissed the petition as timebarred." *Id*. at *2.

In considering the summary dismissal, the Tennessee Court of Criminal Appeals noted the standard for tolling a statute of limitation based upon mental incompetence:

> [W]hen, as is the case here, mental or psychological incompetence is claimed as the basis for a due process tolling of a post-conviction statute of limitations, "due process requires tolling of the post-conviction statute of limitations only if a petitioner shows that he is unable either to manage his personal affairs or to understand his legal rights and liabilities." Moreover, due process principles do not require tolling of the statute of limitations "upon the mere assertion of a psychological problem." "Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal."

4

*Id.* (quoting *State v. Nix*, 40 S.W.3d 459, 463, 464 (Tenn. 2001)).

The appellate court then affirmed the ruling of the trial court.

> In the instant case, the petitioner alleged that in the intervening years between his conviction becoming final and his filing the petition, he suffered abuse and emotional stress while incarcerated. He claimed to suffer from bipolar disorder, ADHD, ADD, and OCD requiring medication. Such "mere assertion[s] of psychological problem[s]," however, are not sufficient to toll the limitations period. In any event, the petitioner also asserted that from 2007 until 2010, he "struggl[ed] with emotional issues concerning his case and how to proceed legally"—clearly evincing an awareness and understanding of his legal rights during that time period. Therefore, we conclude that the petitioner failed to establish a basis for tolling the statute of limitations, and the petition is time-barred.

*Id.* at *3.

As he did in the state courts, petitioner claims in this Court to suffer from mental disorders but does not claim that he is incompetent or that his mental condition actually prevented him from filing a habeas corpus petition for more than six years after his state conviction became final. Petitioner is not entitled to equitable tolling on this basis.

Petitioner next alleges that he is entitled to equitable tolling based upon his attorney's misconduct. According to petitioner, his trial attorney failed to raise his mental incompetence as a defense at trial or on direct appeal, and failed to seek permission to appeal his conviction to the Tennessee Supreme Court. The record, to the contrary, indicates that trial counsel sought permission to appeal the denial of relief from the Tennessee Court of Criminal Appeals to the Tennessee Supreme Court, which was denied. With respect to petitioner's claim that counsel failed to raise his mental issues at

5

trial and on direct appeal, the Court fails to see how that alleged failure would entitle petitioner to equitable tolling of the statute of limitation.

"The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted). Under the circumstances, petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitation and his habeas corpus petition is time-barred. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

The petition for the writ of habeas corpus will be **DENIED** as time-barred and this action will be **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will further **DENY** petitioner leave to proceed in forma pauperis on appeal.

    **AN APPROPRIATE ORDER WILL ENTER.**

                                           */s/ Harry S. Mattice, Jr.*
                                           HARRY S. MATTICE, JR.
                                           UNITED STATES DISTRICT JUDGE